```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

REGINALD A. MORGAN,                 )
                                    )
              Plaintiff,            )
                                    )
     vs.                            )     No.  4:06CV727-DJS
                                    )
MISSOURI DEPARTMENT OF MENTAL       )
HEALTH, DR. DORN SCHUFFMAN,         )
DR. KEITH SCHAFER, LAURENT JAVOIS,  )
and JOHNNY FORD, in their official  )
capacities,                         )
                                    )
              Defendants.           )

## ORDER

Plaintiff is a resident of the St. Louis Psychiatric Rehabilitation Center ("the Center"), of which defendant Laurent Javois is the current Chief Executive Officer. Defendant Missouri Department of Mental Health ("the Department") has supervisory authority and responsibility over the operation of the Center. Defendants Dr. Dorn Schuffman and Dr. Keith Schafer are the former and current Directors of the Department, respectively. Defendant Rev. Johnny Ford is an employee of the Department who serves as the Director of Pastoral Care at the Center.

The second amended complaint asserts claims under 42 U.S.C. §1983 arising from defendants' alleged violation of plaintiff's constitutional rights. More particularly, plaintiff alleges that defendants' refusal to allow him to perform religious services at the Center for the Moorish Science Temple of America violates his rights under the First Amendment. The matter is now before the Court on defendants' motion for summary judgment.

All defendants are sued in their official capacities. Defendants first contend that plaintiff's claims for money damages are barred by the Eleventh Amendment. A suit against a public employee in his official capacity is for all intents and purposes a suit against the governmental entity itself. <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 71 (1989). "The Eleventh Amendment immunizes an unconsenting State from damage actions brought in federal court, except when Congress has abrogated that immunity for a particular federal cause of action." <u>Hadley v. North Arkansas Community Technical College</u>, 76 F.3d 1437, 1438 (8th Cir. 1996). "A state agency or official may invoke the State's Eleventh Amendment immunity if immunity will 'protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself.'" <u>Hadley</u>, 76 F.3d at 1438, *quoting* <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89, 123 n.34 (1984). <u>See</u> <u>also</u> <u>Elizabeth M. v. Montenez</u>, 458 F.3d 779, 784 (8th Cir. 2006); <u>Hood v. Norris</u>, 189 Fed.Appx. 580 (8th Cir. 2006); <u>Treleven v. University of Minnesota</u>, 73 F.3d 816, 818 (8th Cir. 1996). Defendants' invocation of Eleventh Amendment immunity to plaintiff's claims for damages appears well-taken, and plaintiff fails to demonstrate any basis for overcoming the immunity. Defendants will be granted summary judgment as to those claims.

Defendants argue that plaintiff's claims for injunctive relief are subject to summary judgment because the decision challenged constitutes a treatment decision that is reasonably

related to legitimate treatment interests. Plaintiff does not dispute that the decision not to permit him to lead religious services at the Center was an application of a general policy against permitting patients themselves to conduct religious services at the Center. Although plaintiff argues that defendants have not established that the policy is based on the judgment of mental health professionals, both the Chief Executive Officer (defendant Javois) and the Chief Operating Officer of the Center testified at their depositions to the treatment-related rationale for the policy. Depo. of Trager, Exh. A to Def. Memo. in Support [Doc. #32], p.12; Depo. of Javois, Exh. B to Def. Memo. in Support [Doc. #32], p.13.

The categorical determination that mentally ill persons will not be permitted to conduct religious services for other mentally ill patients is reasonably based upon concerns that the illness of the officiant might affect his ability to perform such services appropriately, to the detriment of the officiant's own treatment or that of others who might participate in such services. Id. The Court concludes that such a policy, though it could be said to limit the religious freedom of Center residents, is not "inherently inconsistent with the circumstances of their detention," and does not violate the First Amendment rights of an involuntarily committed resident such as plaintiff. Hydrick v. Hunter, \_\_\_ F.3d \_\_\_, 2007 WL 2445998, slip op. at *9, (9th Cir. August 30, 2007).

Plaintiff fails to offer evidence to dispute that the proffered rationale is the true basis for the policy the application of which he challenges, or to raise a genuine dispute that professional judgment was exercised in the establishment of the policy or its application to him.  In an involuntary commitment context in <u>Youngberg v. Romeo</u>, 457 U.S. 307, 321 (1982), the Supreme Court agreed with Chief Judge Seitz of the Third Circuit below that "the Constitution only requires that the courts make certain that professional judgment in fact was exercised.  It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made."  644 F.2d 147, 178 (1980).  Further, "the decision, if made by a professional, is presumptively valid," and this is so where the decisionmaker is "competent, whether by education, training or experience, to make the particular decision at issue."  <u>Youngberg</u>, 307 U.S. at 323, n.30.  These standards appear to have been met both in the formulation of the policy and in its application to plaintiff.[1]  For all the foregoing reasons, the Court concludes as a matter of law that defendants are entitled to summary judgment on plaintiff's claims for injunctive relief.

Accordingly,

---

[1] To the extent plaintiff relies upon the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §2000cc, the Court notes that no claim based upon the Act or its provisions was pled in the operative second amended complaint.  Therefore, no RLUIPA analysis will be undertaken by the Court.

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [Doc. #31] is granted.

Dated this  15th  day of October, 2007.

                                         /s/ Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE